## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TROY HAWK**                                                    **CIVIL ACTION**

**VERSUS**                                                       **NO. 19-10939**

**SANDY McCAIN, WARDEN**                                         **SECTION: "H"(3)**

### REPORT AND RECOMMENDATION

Petitioner, Troy Hawk, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, his application should be **DISMISSED WITH PREJUDICE**.

The state court record reflects that, on December 4, 2014, petitioner pleaded guilty to and was sentenced on three charges in case number 522-509 on the docket of the Orleans Parish Criminal District Court.[1]

First, he pleaded guilty to simple burglary of an inhabited dwelling, and he was sentenced to a term of twelve years imprisonment.

Second, he pleaded guilty to armed robbery with a firearm. On that conviction, he was sentenced both to ten years for the armed robbery, and, pursuant to La. Rev. Stat. Ann. § 14:64.3, to an *additional* five years because he used a firearm to commit the offense. It was ordered that the resulting fifteen-year sentence be served without benefit of probation, parole, or suspension of sentence.

---

[1] State Rec., Vol. 2 of 3, transcript of December 4, 2014; State Rec., Vol. 1 of 3, minute entry dated December 4, 2014; State Rec., Vol. 1 of 3, guilty plea form.

Third, he pleaded guilty to illegal possession of stolen things, and he was sentenced a term of ten years imprisonment.

The state district court ordered that the sentences on the three convictions be served concurrently.

Petitioner thereafter sought post-conviction relief on several occasions. Unfortunately, the state court record is so woefully deficient that the undersigned cannot reconstruct precisely what occurred with any degree of certainty. Rather, it will simply be noted that petitioner was denied post-conviction relief (1) by the state district court on March 18, 2016,[2] May 30, 2017,[3] and September 25, 2017,[4] (2) by the Louisiana Fourth Circuit Court of Appeal on June 16, 2016,[5] and November 27, 2017,[6] and (3) by the Louisiana Supreme Court on April 8, 2019.[7]

On May 31, 2019, petitioner then filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[8] The state filed a response in opposition on August 22, 2019.[9] Although the state raised procedural defenses in its response, the defects in the state court record are so pervasive that it is difficult to ascertain whether those defenses in fact apply. Fortunately, the Court need not resolve that issue in the instant case. Because all of petitioner's claims clearly fail on the merits for the following reasons, they can and should simply be denied on that basis.[10]

---

[2] State Rec., 1 of 3, Judgment dated March 18, 2016.

[3] State Rec., Vol. 2 of 3, Judgment dated May 30, 2017.

[4] State Rec., Vol. 2 of 3, Judgment dated September 25, 2017.

[5] State v. Hawk, No. 2016-K-0540 (La. App. 4th Cir. June 16, 2016); State Rec., Vol. 1 of 3.

[6] State v. Hawk, No. 2017-K-0901 (La. App. 4th Cir. Nov. 27, 2017); State Rec., Vol. 1 of 3.

[7] State v. Hawk, 267 So. 3d 71 (La. 2019); State Rec., Vol. 3 of 3.

[8] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his application in the prison mailing system on May 31, 2019. See Rec. Doc. 1, p. 15.

[9] Rec. Doc. 14.

[10] A federal habeas court may pretermit a ruling on timeliness when it can more easily dispose of a petition on other grounds. See, e.g., Sokolowski v. Prince, Civ. Action No. 14-110, 2015 WL 631425, at *3 n.28 (E.D. La. Feb. 13, 2015); Gordon v. Cain, Civ. Action No. 12-1884, 2013 WL 3833076, at *2 n.22 (E.D. La. July 22, 2013); Brooks v.

Petitioner's first claim is that he is actually innocent of the crime of armed robbery. However, "actual innocence" is not a recognized ground for granting federal habeas corpus relief. As the United States Supreme Court noted nearly a century ago, a federal habeas court is concerned *solely* with the question of whether a petitioner's "constitutional rights have been preserved," *not* his underlying "innocence or guilt." Moore v. Dempsey, 261 U.S. 86, 87-88 (1923); see also *In re* Swearingen, 556 F.3d 344, 348 (5th Cir. 2009) ("The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review.").

Petitioner's second claim is that his guilty plea to the crime of armed robbery was invalid because an adequate factual basis for that plea was not established. However, that claim also fails, because "the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea unless ... the state judge is put on notice that there may be some need for such an inquiry (as, for example, when the accused asserts his innocence)." Banks v. McGougan, 717 F.2d 186, 188 (5th Cir. 1983); accord Orman v. Cain, 228 F.3d 616, 621 & n.11 (5th Cir. 2000); Matthew v. Johnson, 201 F.3d 353, 368 (5th Cir. 2000); Smith v. McCotter, 786 F.2d 697, 702 (5th Cir. 1986); Hobbs v. Blackburn, 752 F.2d 1079, 1082 (5th Cir. 1985). Here, petitioner admitted both orally and in writing that he was guilty of the charged offense.[11] In light of that admission, and because the state district court judge was not otherwise put on notice of any need for further inquiry, no examination of the factual basis for the plea was required under the United States Constitution.

---

McCoy, No. 5:11-HC-2222-F, 2012 WL 3629233, at *4 (E.D.N.C. Aug. 22, 2012). Likewise, a federal habeas court need not determine whether claims are procedurally barred if the claims clearly fail on the merits. See Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995); Wiley v. Puckett, 969 F.2d 86, 104 (5th Cir. 1992); Corzo v. Murphy, Civ. Action No. 07-7409, 2008 WL 3347394, at *1 n.5 (E.D. La. July 30, 2008).

[11] State Rec., Vol. 2 of 3, transcript of December 4, 2014, p. 10; State Rec. Vol. 1 of 3, guilty plea form ("I am entering a plea of guilty to this crime because I am, in fact, guilty.").

Petitioner's third and final claim is that his guilty plea to the crime of armed robbery was invalid because he was not informed of two "significant consequences" of that plea on his sentencing.  Regarding such claims, the United States Fifth Circuit Court of Appeal has explained:

> "A plea not voluntarily and intelligently made has been obtained in violation of due process and is void." Matthew v. Johnson, 201 F.3d 353, 364 (5th Cir. 2000) (citing McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)).  For a plea to be knowing and voluntary, a defendant must know the "direct consequences of the plea," Duke v. Cockrell, 292 F.3d 414, 416 (5th Cir. 2002), "including the nature of the constitutional protection he is waiving," Matthew, 201 F.3d at 365.  In assessing whether a defendant's plea is valid, we "look to 'all of the relevant circumstances surrounding it.'" Matthew, 201 F.3d at 364-65 (quoting Brady v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

Vollmer v. Davis, 673 F. App'x 406, 411-12 (5th Cir. 2016).  However, although a defendant must understand the "direct consequences" of the plea, "he need not be made aware *every* consequence that, absent a plea of guilty, would not otherwise occur."  United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (emphasis added).  Of importance here, "[t]he consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.  As long as [he] understood the length of time he might possibly receive, he was fully aware of his plea's consequences."  Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1982) (quotation marks omitted).

In the instant case, the transcript of the plea colloquy shows that the trial judge correctly advised petitioner of the maximum sentence he faced:

> The Law states whoever commits this crime [armed robbery] *shall be imprisoned at hard labor for not less than 10 years and for not more than 99 years without benefit of parole, probation or suspension of sentence.*
> And when a dangerous weapon is used in the commission of the crime of armed robbery and it is a firearm.  The law states under 64.3 that the offender *shall*

*be imprisoned at hard labor for an additional period of 5 years without benefit of parole, probation or suspension of sentence.*[12]

Petitioner nevertheless contends that his guilty plea to armed robbery was invalid because he was not additionally informed that it would result in him having "to serve a mandatory 85% of his sentence in prison under the violent offender act 1099."[13] He is referring to a 1995 legislative act concerning the diminution of criminal sentences based on a prisoner's good behavior. Of importance to petitioner, that act provided: "Notwithstanding any other provisions of law to the contrary, a person convicted of a crime of violence and not otherwise ineligible for parole shall serve at least eighty-five percent of the sentence imposed, before being eligible for parole." 1995 La. Acts No. 1099. However, no provision of the United States Constitution required the state court judge to advise petitioner of that consequence of the guilty plea. On the contrary, the United States Fifth Circuit Court of Appeals has expressly held:

> The United States Constitution does not require the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary. Czere v. Butler, 833 F.2d 59, 63 (5th Cir. 1987). Accordingly, as long as the defendant understands the length of time he might possibly receive, he is fully aware of his plea's consequences. Spinelli v. Collins, 992 F.2d 559, 561 (5th Cir. 1993). A defendant's mere expectation about the commutation and parole process is simply no ground for habeas corpus relief. Dunn v. Maggio, 712 F.2d 998, 999-1001 (5th Cir. 1983), cert. denied, 465 U.S. 1031, 104 S.Ct. 1297, 79 L.Ed.2d 697 (1984).

James v. Cain, 56 F.3d 662, 666-67 (5th Cir. 1995). Simply put: the failure to inform a defendant that he will be ineligible for parole or "good time" does not render his guilty plea involuntary.

Johnson v. Dees, 581 F.2d 1166 (5th Cir. 1987); Richard v. Morgan, Civ. Action No. 6:14-cv-

---

[12] State Rec., Vol. 2 of 3, transcript of December 4, 2014, p. 6 (emphasis added).
[13] Rec. Doc. 1, p. 8.

03501, 2016 WL 4574569, at *4 (W.D. La. June 8, 2016), adopted, 2016 WL 4626236 (W.D. La. Aug. 31, 2016).

Petitioner also contends that his guilty plea is invalid because he was not informed that he would be required to serve the five-year sentence enhancement under La. Rev. Stat. Ann. § 14:64.3 consecutively to the ten-year sentence for the underlying armed robbery.[14]  However, a trial court's failure to advise a defendant that a sentence will run consecutively does not render his plea involuntary.  Haynes v. Henderson, 480 F.2d 550, 551 (5th Cir. 1973).  Moreover, in any event, as is evident from the above-quoted portion of the transcript, the trial judge adequately placed petitioner on notice that the sentence enhancement required by La. Rev. Stat. Ann. § 14:64.3 would be "an *additional* period of 5 years without benefit of parole, probation or suspension of sentence."[15]

For all of these reasons, it is clear that petitioner's claims do not warrant federal habeas corpus relief.

## RECOMMENDATION

It is therefore **RECOMMENDED** the Troy Hawk's federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

---

[14] Rec. Doc. 1, p. 8.  The referenced statute provides:

> When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

La. Rev. Stat. Ann. § 14:64.3(A).

[15] State Rec., Vol. 2 of 3, transcript of December 4, 2014, p. 6 (emphasis added).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this __24th__ day of September, 2019.


_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

7